IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO: 3:05-CR-147-WHA |
| | ) | |
| DANNY JOE MCCART | ) | |

**MOTION FOR DOWNWARD DEPARTURE
FOR DIMINISHED MENTAL CAPACITY**

**NOW COMES** the Defendant, Danny Joe McCart ("Mr. McCart"), by and through undersigned counsel, Christine Freeman, and pursuant to U.S.S.G. § 5K2.13 respectfully moves this Court for a downward departure in Mr. McCart's offense level as determined by the Court at sentencing based upon Mr. McCart's diminished mental capacity.

**REQUIREMENTS FOR DIMINISHED CAPACITY DEPARTURE**

A departure based on diminished mental capacity is an encouraged downward departure. U.S.S.G. § 5K2.13; *United States v. Steele*, 178 F.3d 1230, 1240 (11th Cir. 1999) (finding that the Sentencing Commission "expressly encourages district courts to consider whether the defendant suffered from 'significantly reduced mental capacity' at the time of the offense when deciding whether to grant a downward departure.")

Section 5K2.13 of the Sentencing Guidelines has been amended several times and now states:

> A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

> However, the court may not depart downward below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or (4) the defendant has been convicted of an offense under chapter 71, 109A, 110 or 117, of title 18, United States Code. U.S.S.G. § 5K2.13.

Because Mr. McCart was suffering from a significantly reduced mental capacity at the time of the offense, and because his mental capacity contributed substantially to the commission of the offense, Mr. McCart should be granted a downward departure. None of the listed factors which preclude application of this departure guideline are present in this case: his mental state is not the result of the use of drugs; the offense did not involve actual violence or the threat of violence; Mr. McCart has a criminal history does not indicate a need to incarcerate him to protect the public; and he has not been convicted of an offense under Title 18 of the United States Code. Therefore, at sentencing, the Court should determine to what extent Mr. McCart's reduced mental capacity contributed to the offense and depart from the advisory guidelines accordingly.

## **FACTORS IN SUPPORT OF A DOWNWARD DEPARTURE**

Mr. McCart was evaluated on November 30, 2005, by psychotherapist and psycho diagnostican, Theron M. Covin, Ed.D., LPC, LMFT.[1] Mr. Covin concluded that Mr. McCart was cognitively impaired and suffered from mild mental retardation. Specifically, Mr. McCart has an IQ of 65. The tests administered by Mr. Covin revealed that Mr. McCart's intellectual functioning is consistent with that of a 7 or 8 year-old. His reading ability was determined to be at a kindergarten

---

[1] A copy of this report has not been attached to this motion due to the sensitive information it contains. However, a copy of the report is being filed under seal contemporaneously with this filing.

level and his spelling and arithmetic abilities were determined to be at a first and third grade level respectively. Overall, it was determined that Mr. McCart was functionally illiterate.

As noted in both the Pre-Sentence Report and Mr. Covin's report, Mr. McCart's intellectual disabilities have compromised his judgment, reasoning, and ability to make good decisions. That same compromised judgment, lack of ability to reason and make good decisions is directly related to the commission of the current offense for which Mr. McCart awaits sentencing.

## CONCLUSION

For the reasons set forth above, Mr. McCart respectfully requests that the Court grant his motion and depart downward from the applicable base offense level as determined at the time of sentencing.

Dated this 8th day of March 2006.

Respectfully submitted;

**s/Christine A. Freeman**
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Danny McCart
Federal Defenders
Middle District of Alabama
201 Monroe Street , Suite 407
Montgomery, AL 36104
TEL:   (334) 834-2099
FAX:   (334) 834-0353
E-Mail: Christine_Freeman@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Kent B. Brunson, Esquire, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

        **s/Christine A. Freeman**
        **CHRISTINE A. FREEMAN**
        **TN BAR NO.: 11892**
        Attorney for Danny McCart
        Federal Defenders
        Middle District of Alabama
        201 Monroe Street , Suite 407
        Montgomery, AL 36104
        TEL:   (334) 834-2099
        FAX:   (334) 834-0353